IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SEVERINO JAVIER, | ) | CIVIL NO. 14-00053 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DISMISS |
| | ) | ACTION |
| NATIONAL BANK ASSOCIATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION

Plaintiff Severino Javier ("Plaintiff") commenced this action on January 31, 2014, filing a document entitled "Motion to Show Cause re: Plundering and Privateering." The district judge construed this document as Plaintiff's Complaint.

A Rule 16 Scheduling Conference was scheduled on May 5, 2014. Plaintiff failed to appear at the scheduling conference and did not file a scheduling conference statement.[1] Notably, Plaintiff also failed

---

[1] On April 15, 2014, Plaintiff filed a notice to the Court of the cancellation of the scheduling conference. In response, the Court issued an Entering Order explaining that it, not Plaintiff, controls calendaring of all matters. The Court advised Plaintiff that the scheduling conference would proceed

to provide current contact information to the Court. Doc. No. 8.

Given Plaintiff's failure to appear at the Rule 16 Scheduling Conference, failure to file a scheduling conference statement, and failure to provide current contact information to the Court, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute.[2] Doc. No. 13. The Court cautioned Plaintiff that it may sua sponte issue sanctions, including dismissal, and also warned Plaintiff that his failure to appear at the OSC hearing would result in a recommendation that the case be dismissed.

---

as scheduled unless the Court decided otherwise, and that his failure to attend the conference and file a scheduling conference statement might result in the imposition of sanctions, including but not limited to dismissal of this action. Doc. No. 11. As with other documents mailed to Plaintiff, this Entering Order was returned as undeliverable.

[2] The Court inadvertently stated in the OSC that Plaintiff had not filed an operative pleading. However, as noted above, Plaintiff's starting document was construed as a Complaint by the district judge.

Plaintiff failed to appear at the June 9, 2014 OSC hearing. Accordingly, the Court recommends that the case be dismissed for failure to prosecute. Courts do not take failures to comply with Court orders or failures to prosecute lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Although the Court recognizes that Plaintiff is proceeding *pro se*, his *pro se* status does not excuse his compliance with all applicable rules.

Local Rule 83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

Here, dismissal is appropriate given Plaintiff's failure to prosecute. Although one Defendant has appeared, there is no evidence that Defendants have been properly served. Consequently, the Court, after considering the Pagtalunan factors, finds that they weigh in favor of dismissal.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). Plaintiff's failure to participate and respond has caused delays. The Court, not Plaintiff, should control the pace of the docket. Yourish, 191 F.3d at 990; Pagtalunan, 291 F.3d at 642.

Moreover, Defendants will suffer prejudice if this case continues without the effectuation of service. Plaintiff's inaction has impaired Defendants'

4

ability to proceed to trial and threatens to interfere with the rightful decision of the case. Pagtalunan, 291 F.3d at 642.

Under the present circumstances, the Court believes that less drastic alternatives are not appropriate. Plaintiff refuses to participate in this action and has disregarded Court orders. It is unclear whether the Court has the incorrect contact information for Plaintiff, or Plaintiff is simply refusing to accept the Court's mailings. It appears that the latter may be the case because had Plaintiff not received the Order Setting Rule 16 Scheduling Conference, he would not have filed his Notice cancelling the scheduling conference. The Court believes that it would be futile to recommend a sanction other than dismissal because a lesser sanction would not successfully compel Plaintiff to prosecute this action. The Court cannot proceed in a case where it has no meaningful method by which to communicate with Plaintiff. For these reasons, the Court is left with no choice but to recommend dismissal.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 9, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 14-00053 SOM-KSC; JAVIER V. NATIONAL BANK ASSOCIATION, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS ACTION